1
2
3
4
5
6
7
8
9
10
11

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DEAN PATRICK MCDANIELS,

Plaintiff,

v.

MARYBETH DINGLEDY, LISA
GALVIN, SHANE A NYBO, JUDGE
BRUCE WEISS, DAVE SOMERS, LISA
MICHELI,

Defendants.

CASE NO. 2:21-cv-00411-BAT

**ORDER GRANTING DEFENDANTS
MOTION FOR JUDGMENT ON
THE PLEADINGS**

12   Plaintiff Dean McDaniels, who is proceeding *pro se*, alleges that certain Snohomish

13 County Superior Court Judges, Commissioners, and other personnel failed to accommodate his

14 vision impairment during his dissolution proceeding, in violation of Title II of the Americans

15 with Disabilities Act ("ADA").

16   Defendants Judge MaryBeth Dingledy, Judge Bruce Weiss, Commissioner Lisa Micheli,

17 Lisa Galvin (Snohomish County ADA Compliance Officer), Shane Nybo (Court Administrator)

18 and Dave Somers (Snohomish County Executive), move to dismiss Plaintiff's claims pursuant to

19 Fed. R. Civ. P. 12(c). Dkt. 17. Defendants contend that: (1) Title II of the Americans with

20 Disabilities Act (as amended) does not allow suits against defendants in their personal capacities;

21 (2) Plaintiff's claims against defendants in their official capacities are barred by the *Rooker-*

22 *Feldman* doctrine; and (3) Plaintiff has failed to allege any actions by Defendants Judge Bruce

23 Weiss, Shane Nybo and Dave Somers.

ORDER GRANTING DEFENDANTS
MOTION FOR JUDGMENT ON THE
PLEADINGS - 1

1    In response, Plaintiff contends that the *Rooker-Feldman* doctrine does not apply because

2    the Washington State Court of Appeals has not yet ruled on his appeal of the state court decision;

3    he has sued Defendants only in their official capacities, and he has stated several grounds for

4    relief. Dkt. 19.

5    Although Plaintiff filed his response two days after the deadline for doing so, the Court

6    has considered it in full.

7    Having carefully considered the motion, the parties' briefing, and the relevant record, the

8    Court grants the motion for judgment on the pleadings. Plaintiff's claims are dismissed for lack

9    of subject matter jurisdiction and for failure to state a claim.

10    <u>JUDICIAL NOTICE</u>

11    Plaintiff's case involves the conduct of Defendants in Plaintiff's dissolution case in the

12    Snohomish County Superior Court. Thus, the Court takes judicial notice of official case records

13    on file with the Snohomish County Superior Court or the Washington State Court of Appeals,

14    Division 1.[1] *See Snoqualmie Indian Tribe v. City of Snoqualmie*, 186 F. Supp. 3d 1155, 1161–62

15    (W.D. Wash. 2016) ("[T]he court may consider material that is properly submitted as part of the

16    complaint without converting the motion into a summary judgment motion," and "the court may

17    take judicial notice of "matters of public record" pursuant to Federal Rule of Evidence 201

18    without converting the motion into a summary judgment motion"); *Bennett v. Medtronic, Inc.*,

19    285 F.3d 801, 803 n. 2 (9th Cir. 2002) (documents on file in federal or state courts are subject to

20    judicial notice); *Harris v. Cty. of Orange*, 682 F.3d 1126, 1131-32 (9th Cir. 2012).

21

22

23    ───────────
[1] These case documents are attached to the Declaration of Douglas J. Morrill. *See* Dkt. 18, Exhibits A through M.

ORDER GRANTING DEFENDANTS
MOTION FOR JUDGMENT ON THE
PLEADINGS - 2

1

2

## FACTS

3    Plaintiff Dean McDaniels is a former respondent in a dissolution petition, filed with

4 Snohomish County Superior Court on August 14, 2019. Dkt. 1 (Compl., ¶III.B); Dkt. 5 (Ans.,

5 ¶III.B). On February 27, 2020, Plaintiff submitted a written request for accommodation to the

6 Snohomish County Superior Court. Dkt. 1 (Compl., ¶III.B); Dkt. 5 (Ans., ¶III.B, including

7 subparagraph (a)); Dkt. 1-1 (Att. to Compl., pp. 4-5); Dkt. 18, Declaration of Douglas J. Morrill,

8 Ex. A. Specifically, Plaintiff stated that he is blind in one eye and lost 30% vision in his other

9 eye and requested a "court appointed assistant to help [him] during all hearings and trials." Dkt.

10 1-1, p. 4.

11    Defendant Lisa Galvin, the Snohomish County Superior Court's ADA Coordinator,

12 responded to Plaintiff's request in a Review and Decision by the Court (ADADC) on March 18,

13 2020. Dkt. 1 (Compl., ¶III.B, including subparagraph (b)); Dkt. 5 (Ans., ¶III.B); Dkt. 1-1 (Att. to

14 Compl., pp. 6-8). Plaintiff's request for accommodation was granted in part; specifically, the

15 Court held that the "If needed the Court can provide someone to help the requester with way

16 finding and navigating the courthouse to the correct destination." *Id.*

17    On June 4, 2020, the matter was assigned to Judge Marybeth Dingledy for trial. Plaintiff

18 was not present, and the trial proceeded without him, remotely via Zoom, where the petitioner

19 presenting her case unopposed. Dkt. 18, Morrill Decl., Ex. B (Trial Minutes, filed in Snohomish

20 County Superior Court Case No. 19-3-01921-31).

21    On or about June 11, 2020, Judge Dingledy issued her ruling on the dissolution, awarding

22 spousal support and attorneys' fees to the petitioner, but denying petitioner's claim for

23 possession of Plaintiff's house, which Judge Dingledy found to be his separate property. The

ORDER GRANTING DEFENDANTS
MOTION FOR JUDGMENT ON THE
PLEADINGS - 3

1   Order was filed with the clerk. Dkt. 1 (Compl., ¶III.B); Dkt. 5 (Ans., ¶III.B, including

2   subparagraph (d)); Dkt. 1-1 (Att. to Compl., p. 10-19); Dkt. 18, Morrill Decl., Ex. C (Final

3   Divorce Order, filed in Snohomish County Superior Court Case No. 19-3-01921-31).

4           On June 15, 2020, Plaintiff filed two documents with Snohomish County Superior Court.

5   The first was titled, "Respondent's Pre-Trial Summary and Tentative Answer." The second was

6   titled, "Motion for Reconsideration" (which appears to pertain not to the final dissolution order,

7   but to a prior ruling from the Court in November 2019). The first of these filings complained,

8   among other things: (a) that he lacked notice of the June 11, 2020 hearing entering the Final

9   Dissolution Order; (b) that remote hearings should not be allowed in general; (c) that he needed

10  more time to prepare for the trial; (d) that he needed more time to review Petitioner's Pre-Trial

11  Notebook (which he claims to have received June 2, 2020); (e) that he disputed a number of

12  substantive issues concerning the division of assets with his former spouse; and finally (f) that he

13  was "100 percent blind in one eye and 30 percent blind in his other eye" and thus had a disability

14  requiring accommodation under the Americans With Disabilities Act—specifically, that he

15  needed more time to review trial materials. Dkt. 18, Morrill Decl., Ex. D (Respondent's Pre-Trial

16  Summary and Tentative Answer, at ¶19), Ex. E (Motion for Reconsideration).

17          On June 22, 2020, Plaintiff filed a revised Motion for Reconsideration arguing, *inter alia*,

18  that he believed his disability had not been adequately accommodated by the Superior Court and

19  that this constituted an "irregularity" in the proceedings necessitating a new trial. Dkt. 18,

20  Morrill Decl., Ex. F (Motion for Reconsideration, p. 4).

21          On March 25, 2021, Plaintiff filed this lawsuit. Plaintiff alleges all of the defendants

22  violated Title II of the Americans with Disabilities Act, 42 U.S.C. §12101, *et seq*., because they

23  did not accommodate his disability and that he ". . . lost [his] divorce case because [he] could not

ORDER GRANTING DEFENDANTS
MOTION FOR JUDGMENT ON THE
PLEADINGS - 4

read any of the court papers." The Complaint checks boxes indicating that claims are brought against each defendant in his or her personal and official capacity. *See* Dkt. 1 (Compl., ¶III.B).

On or about April 30, 2021, Snohomish County Superior Court Commissioner Lisa Micheli held a Contempt Hearing based on Plaintiff's alleged failure to comply with the final dissolution decree. Dkt. 18, Morrill Decl., Ex. G (April 30, 2021 Minute Order).

On May 3, 2021, Commissioner Micheli issued her written decision. She also stated that Plaintiff's prior motions for reconsideration (12/5/19, 6/12/20, and 6/25/20) were filed without a calendar note and therefore were not properly noted for the court's consideration and that none of the motions were pending or awaiting a formal ruling. Dkt. 18, Ex. H (May 3, 2021 Contempt Hearing Order, filed in Snohomish County Superior Court). *Id.* Commissioner Micheli found Plaintiff in contempt of the court's final dissolution order. *Id.*

On May 12, 2021, Plaintiff amended his complaint in this lawsuit to add Commissioner Micheli as a defendant. Plaintiff alleges that "this Judge has now threatened to put me in jail, and will not recognize my disability rights under the American Disability Act, 42 USC SEC. 12101." Dkt. 8 (Am. Compl.).

Also, on May 12, 2021, Plaintiff filed a Calendar Note and Motion for Reconsideration on Judge Marybeth Dingledy's calendar. In this new Motion for Reconsideration, Plaintiff argued that Judge Dingledy lacked jurisdiction to enter a final dissolution order because she had not ruled on his prior Motions for Reconsideration (and thus he could not be in contempt of a putatively invalid order). He also argued that the trial courts failed to accommodate his disability and that this prevented him from having a fair trial. Dkt. 18, Morrill Decl., Exs. I – J (May 12, 2021 Calendar Note and Motion for Reconsideration).

ORDER GRANTING DEFENDANTS
MOTION FOR JUDGMENT ON THE
PLEADINGS - 5

1    Judge Dingledy referred the Motion for Reconsideration to Commissioner Micheli. Dkt.

2   18, Morrill Decl., Ex. K (May 17, 2021 Order on Motion for Reconsideration). On May 28,

3   2021, Commissioner Micheli issued an Order denying Plaintiff's latest Motion for

4   Reconsideration. *Id.*, Ex. L (Order on Respondent's Motion for Reconsideration of May 3, 2021

5   Order of Contempt).

6    On June 25, 2021, Plaintiff filed a Notice of Appeal to Division 1 of the Washington

7   State Court of Appeals. The Notice seeks review of "the entire Motion for Reconsideration

8   decision rendered by the Snohomish County Superior Court entered on May 28, 2021." *Id.*, Ex.

9   M (June 25, 2021 Notice of Appeal).

10                              STANDARD OF REVIEW

11    Under Federal Rule of Civil Procedure 12(c), a party may move for judgment on the

12   pleadings after the pleadings are closed. *See* Fed. R. Civ. P. 12(c). A court "must accept all

13   factual allegations in the complaint as true and construe them in the light most favorable to the

14   non-moving party." *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir.2009) (citation omitted); *see*

15   *also Yakima Valley Mem'l Hosp. v. Wash. State Dep't of Health*, 654 F.3d 919, 925 (9th

16   Cir.2011) (explaining that the court "assume[s] the facts alleged in the complaint are true").

17   "Judgment on the pleadings is properly granted when there is no issue of material fact in dispute,

18   and the moving party is entitled to judgment as a matter of law." *Id.*; *see Lyon v. Chase Bank*

19   *USA, N.A.*, 656 F.3d 877, 883 (9th Cir.2011).

20    When a Rule 12(c) motion is used as a vehicle for a Rule 12(b)(6) motion after an answer

21   has been filed, or when it is functionally equivalent to a motion to dismiss for failure to state a

22   claim, the same standard applies to both. *Dworkin v. Hustler Magazine Inc.*, 867 F.2d 1188, 1192

23   (9th Cir. 1989); *see Seabright Ins. Co. v. Matson Terminals, Inc.*, 828 F. Supp. 2d 1177, 1188 (D.

ORDER GRANTING DEFENDANTS
MOTION FOR JUDGMENT ON THE
PLEADINGS - 6

Haw. 2011) (observing that the motions differ in time of filing but are otherwise functionally

identical and require the same standard of review). Dismissal for failure to state a claim "is

proper if there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged

under a cognizable legal theory.'" *Conservation Force v. Salazar*, 646 F.3d 1240, 1242 (9th Cir.

2011) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter,

accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556

U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*,

550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)); *see also Telesaurus VPC, LLC v.*

*Power*, 623 F.3d 998, 1003 (9th Cir. 2010). "A claim has facial plausibility when the plaintiff

pleads factual content that allows the court to draw the reasonable inference that the defendant is

liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678, 129 S. Ct. 1937. The court, however,

need not accept as true a legal conclusion presented as a factual allegation. *Id*. Although the

pleading standard announced by Federal Rule of Civil Procedure 8 does not require "detailed

factual allegations," it demands more than "an unadorned, the defendant-unlawfully-harmed-me

accusation." *Id*. (citing *Twombly*, 550 U.S. at 555, 127 S. Ct. 1955). A pleading that offers only

"labels and conclusions or a formulaic recitation of the elements of a cause of action" will not

survive a motion to dismiss. *Id*.

DISCUSSION

A.    <u>ADA Title II</u>

Plaintiff's Complaint makes no reference to any source of law apart from Title II of the

ADA. *See* Dkt. No.1 (Compl., ¶ V, ll. 1-2, p. 8) ("my civil rights were seriously violated under

ORDER GRANTING DEFENDANTS
MOTION FOR JUDGMENT ON THE
PLEADINGS - 7

1    the Americans with Disabilities Act by the Snohomish County Court," and repeatedly

2    referencing "Title II.").

3           Title II of the ADA provides in relevant part that, no qualified individual with a disability

4    shall, by reason of such disability, be excluded from participation in or be denied the benefits of

5    the services, programs, or activities of a public entity, or be subjected to discrimination by any

6    such entity. 42 U.S.C. § 12132. A potential defendant under Title II of the ADA is any "public

7    entity" which includes, among others, "any State or local government"; and "any department,

8    agency, special purpose district, or other instrumentality of a State or States or local

9    government." 42 U.S.C. § 12131.

10          Under Title II of the ADA, "individual defendants may not be sued in their individual

11   capacities." *Becker v. Oregon*, 170 F. Supp. 2d 1061, 1066–67 (D. Or. 2001). However,

12   individual officials may be sued in their official capacities "because suing an individual in his

13   official capacity is treated the same as suing the entity itself." *Id.*; *Sherman v. Kelly*, No. 3:16-

14   CV-00865-MO, 2017 WL 539583, at *2 (D. Or. Feb. 8, 2017); *see also Lloyd v. Fitzwater*, 2020

15   WL 10540933, at *8 (W.D. Wash. Apr. 15, 2020), *report and recommendation adopted sub nom.*

16   *Lloyd v. Rufener*, 2020 WL 5630507 (W.D. Wash. Sept. 18, 2020), *aff'd sub nom. Lloyd v.*

17   *Fitzwater*, 854 F. App'x 903 (9th Cir. 2021).

18          Plaintiff names six individual defendants in his Complaint. For each of the defendants,

19   Plaintiff checked boxes indicating that his lawsuit against them was brought in both their

20   individual and official capacities. Dkt. 1, pp. 3-6. In his response, Plaintiff now states that he is

21   "suing all of these individuals in their OFFICIAL capacities as governmental representatives

22   (and NOT in their personal capacities) and that therefore, "Defendants are making an argument

23   that has no relevance for this case." *Id.*, p. 2.

ORDER GRANTING DEFENDANTS
MOTION FOR JUDGMENT ON THE
PLEADINGS - 8

Because Plaintiff indicated in his Complaint that he was suing the defendants in their individual capacities and such suits are not permitted under Title II, all such individual capacity claims against all Defendants are dismissed in their entirety.

B.    *Rooker-Feldman* Doctrine

Under the *Rooker-Feldman* doctrine, a federal trial court is barred from reviewing state court decisions. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 291-292 (2005); *Rooker v. Fid. Tr. Co.*, 263 U.S. 413, 416 (1923); *D.C. Ct. of App. v. Feldman*, 460 U.S. 462, 486 (1983); 28 U.S.C. 1257. "[N]o matter how wrong a state court judgment may be under federal law, only the Supreme Court of the United States has jurisdiction to review it." *Sykes v. Cook Cnty. Cir. Ct. Prob. Div.*, 837 F.3d 736, 742 (7th Cir. 2016).

Plaintiff contends that the *Rooker-Feldman* doctrine does not bar his case because "there has been no state court appellate decision in my case yet" and he "will not be arguing or litigating any ADA issues in the state court appellate case…". Dkt. 19, p. 1. As to the first argument, Plaintiff is incorrect that the lack of state appellate court decision is determinative of whether the doctrine applies. The doctrine applies not only to final judgments but also to interlocutory orders entered prior to the final disposition of a state court lawsuit. *Doe & Assocs. L. Offs. v. Napolitano*, 252 F.3d 1026, 1030 (9th Cir. 2001).

Here, after Plaintiff refused to abide by the terms of Judge Dingledy's final order in his dissolution proceeding, Plaintiff was held in contempt. In the contempt hearing, Plaintiff raised the same arguments he is now raising in this lawsuit: that the underlying dissolution order is invalid or in error because Judge Dingledy failed to accommodate him and failed to hear his various motions for reconsideration. When Commissioner Micheli rejected these arguments and found Plaintiff in contempt of the court's dissolution decree, Plaintiff appealed this decision to

the Washington State Court of Appeals, Division 1, claiming there had been a failure to

accommodate his disability all along (including in the Contempt hearing).

As recently explained by the Honorable Judge Coughenour in this Court:

> The *Rooker–Feldman* doctrine bars litigants from bringing claims against
> state courts based on denials of reasonable accommodations when the denial —in
> other words, the injury—is effected through a court order. *See Sykes*, 837 F.3d at
> 743 (dismissing an ADA claim based on a state judge's order banning plaintiff's
> service dog from the courtroom because the source of plaintiff's alleged injury
> was the state court judgment); *Sidiakina v. Bertoli*, 2012 WL 12850130, slip op.
> at 4 (N.D. Cal. Sept. 7, 2012), *aff'd*, 612 F. App'x 477 (9th Cir. 2015) (dismissing
> an ADA claim based on a state judge's denial of plaintiff's requests for reasonable
> accommodations, including appointed counsel, disqualification of the assigned
> judge, and a change of venue); *Iceberg v. King Cnty. Super. Ct.*, 2021 WL
> 391615, slip op. at 4 (W.D. Wash. Feb. 4, 2021) (dismissing an ADA claim based
> on a state judge's denial of plaintiff's request for the appointment of counsel as an
> accommodation under GR 33); *Winchester v. Yakima Cnty.* Super. Ct., 2011 WL
> 133017, slip op. at 1 (E.D. Wash. Jan. 14, 2011) (same) . . . .

*Langworthy v. Whatcom Cty. Superior Ct.*, No. C-20-1637-JCC, 2021 WL 1788391, at *3

(W.D. Wash. May 5, 2021)

Plaintiff's ADA accommodation claims are barred by *Rooker–Feldman* because they

challenge state court decisions denying his requests for reasonable accommodations under Title

II of the ADA. Plaintiff states that he filed his federal lawsuit because "he cannot seem to get any

justice or recognition or help with [his] disability claims in the Snohomish County Superior

Court system." Dkt. 19 p. 9. Plaintiff seeks $16 million in damages because "he lost [his] divorce

case" due to defendants' failure to accommodate his disability during his divorce proceedings.

Although Plaintiff argues that he will pursue his ADA claims only in this lawsuit and not in his

state court appeal, his claims in this case are inextricably intertwined with the decisions made in

the state court and are therefore barred by the *Rooker-Feldman* doctrine. *See Bianchi v.*

ORDER GRANTING DEFENDANTS
MOTION FOR JUDGMENT ON THE
PLEADINGS - 10

1    *Rylaarsdam*, 334 F.3d 895, 900 n.4, 901 (9th Cir. 2003) (A claim is "inextricably intertwined"

2    with a state court decision "[i]f the injury alleged resulted from the state court judgment itself.")

3    Thus, to the extent Plaintiff claims his rights were violated by state court decisions, his claims

4    are barred.

5         Plaintiff's recourse for alleged errors made by a state trial court is to appeal those actions

6    within the state court system – which he has already done. *See* Dkt. 18, Morrill Decl., Ex. M

7    (June 25, 2021 Notice of Appeal seeking review "of the entire Motion for Reconsideration

8    decision rendered by the Snohomish County Superior Court entered on May 28, 2021.") The

9    Motion for Reconsideration at issue specifically alleged that Plaintiff was denied a fair trial

10   because the state court violated the ADA.

11        Under *Rooker-Feldman*, this Court cannot review the state courts' decisions about what

12   accommodations the ADA requires. Plaintiff must appeal the state court decisions within the

13   state court system. Because the Court lacks jurisdiction, the Court **DISMISSES** Plaintiff's

14   claims under Title II of the ADA.[2]

15   C.    Failure to Plead Wrongful Actions

16        In addition to the foregoing, Defendants contend that Plaintiff has failed to state a viable

17   claim against Defendants Judge Bruce Weiss, Shane Nybo, and Dave Somers. Plaintiff's

18   Complaint fails to allege any conduct by these individuals. *See* Dkt. 1. In response, Plaintiff

19   agrees that Defendant Shane Nybo should be dropped from this lawsuit as he is no longer the

20   Court Administrator for Snohomish County, but argues that Defendants, Judge Bruce Weiss,

21

22   [2] As an aside, the Court notes that, even if such claims were not barred by *Rooker-Feldman*, the
     doctrine of judicial immunity from suit would bar the action against judges and those performing
     judge-like functions in their official capacities. *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir.
23   1986) (en banc).

ORDER GRANTING DEFENDANTS
MOTION FOR JUDGMENT ON THE
PLEADINGS - 11

Andy Somers (the new Court Administrator), and David Somers, ". . . have all been either directly or indirectly sanctioning the ADA violations in the Snohomish County Superior Court system." Dkt. 19, pp. 1-2.

Plaintiff fails to present a facially plausible complaint against any of these defendants as he has plead no factual content that would allow the court to draw the reasonable inference that these defendants are liable for any misconduct. Merely stating that these individuals "sanction the ADA violations" is no more than a legal conclusion presented as a factual allegation.

Accordingly, the Court finds that Plaintiff's claims against Defendants Judge Bruce Weiss, Shane Nybo and/or Andy Somers, and David Somers may be dismissed on the additional grounds that no valid claim has been plead against them.

<u>CONCLUSION</u>

Plaintiff's claims are dismissed because: (1) ADA Title II does not envisage personal capacity lawsuits against individuals; (2) the *Rooker-Feldman* doctrine precludes Plaintiff from seeking federal trial court relief that duplicates an existing state court appeal; and (3) Plaintiff fails to plead any valid claim upon which relief may be granted against Defendants Judge Bruce Weiss, Shane Nybo, Andy Somers, and David Somers.

DATED this 29th day of November, 2021.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge

ORDER GRANTING DEFENDANTS
MOTION FOR JUDGMENT ON THE
PLEADINGS - 12